# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF THOMAS C. MICHAELIDES, BAR NO. 5425.

No. 73008

FILED

NOV 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Thomas C. Michaelides. Under the agreement, Michaelides admitted to two violations each of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 5.3 (responsibilities regarding non-lawyer assistants), and RPC 5.5 (unauthorized practice of law). The agreement provides for a 90-day suspension and the payment of restitution and costs.

Michaelides has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Michaelides failed to provide two clients with promised legal services by failing to supervise his staff, and instead, allowed a non-lawyer assistant to provide the clients with legal advice.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197

SUPREME COURT
OF
NEVADA

(O) 1947A

17-39206

P.3d 1067, 1077 (2008). Michaelides acted with knowledge in violating duties owed to his clients (diligence and communication) and the profession (responsibilities regarding non-lawyer assistants and unauthorized practice of law). Michaelides' clients were harmed because they did not receive the promised legal services and they were provided legal advice from a non-attorney. The profession was harmed because Michaelides' breach of his duties regarding non-lawyer assistants, which allowed his paralegal to engage in the unauthorized practice of law, was detrimental to the integrity and standing of the bar. The record supports four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and two mitigating circumstances (cooperative attitude toward proceedings and remorse). SCR 102.5.

The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2015) (providing that suspension is generally warranted for a pattern of neglect that causes injury or potential injury to a client); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). Considering the duties violated, Michaelides' mental state, the injury to Michaelides' clients and the profession, and the aggravating and mitigating circumstances, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Thomas C. Michaelides from the practice of law in Nevada for a period of 90 days

commencing from the date of this order. Michaelides shall pay restitution in the amount of $1,312 to Marianne Wojciechowicz and $2,000 to Susan Hughes within 60 days from the date of this order, if he has not done so already. Additionally, Michaelides shall pay the actual costs of the disciplinary hearing, plus $2,500, within 30 days of the date of this order. SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Michael J. Warhola, LLC
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

[1]The Honorables Michael Cherry, Chief Justice, and Kristina Pickering, Justice, voluntarily recused themselves from participation in the decision of this matter.